In re HUNAN ROSE, INC., Debtor.

**Bankruptcy No. 92–00780.**

United States Bankruptcy Court,
District of Columbia.

Oct. 16, 1992.

Wendell W. Webster, Washington, D.C., for debtor.

Dennis F. Nee, Libby, Nee & O'Reilly, Washington, D.C., for creditor.

DECISION RE MOTION FOR DETERMINATION OF LEASE REJECTION AND FOR ORDER DIRECTING DEBTOR TO SURRENDER NONRESIDENTIAL REAL PROPERTY TO LESSOR

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Concluding that the 60–day period under 11 U.S.C. § 365(d)(4) for assumption of the debtor's restaurant lease was not tolled during the pendency of the landlord's motion to determine that the lease had expired, the court will grant the landlord's motion to hold the lease rejected.

FACTS

The debtor, as debtor-in-possession in this chapter 11 case, had 60 days after the July 10, 1992 filing of its voluntary petition, that is, until September 8, 1992, to assume any "unexpired lease of nonresidential real property under which the debtor is the lessee...." 11 U.S.C. § 365(d)(4). The landlord seeks an order under § 365(d)(4) declaring that the lease has been rejected by the debtor's failure timely to move to assume and directing the debtor, under the last clause of § 365(d)(4), to surrender the leased premises to the landlord. The debtor's tolling defense must be rejected.

The landlord previously filed a motion on September 8, 1992, for a determination that the lease had been terminated and hence was not assumable. The memorandum in support of that motion recited the landlord's position that the lease had been terminated for lack of payment of rent and issuance of a writ of restitution. Not until September 11, 1992, did the debtor file its untimely Schedule G listing the lease as unexpired and not until September 29, 1992, did the debtor file its untimely opposition to the landlord's motion for a determination that the lease had been terminated. The debtor contended that the landlord's acceptance of payments waived the failure to make timely payments.

DISCUSSION

Citing In re Edward Harvey Co., Inc., 68 B.R. 851 (Bankr.D.Mass.1987), the debtor opposes the landlord's motion under § 365(d)(4) by contending that the court's determination whether there is a valid lease currently in existence is a precondition to a determination by the debtor-in-possession to exercise the right to assume the subject lease. In Edward Harvey the chapter 7 trustee obtained a determination that the termination of the debtor's leasehold interest in certain property pursuant to a settlement agreement was a fraudulent conveyance. The trustee sought to

assume the lease and the landlord attempted to invoke § 365(d)(4) as a bar to assumption because no motion to assume had been filed within 60 days after the date of the order for relief. The court rejected that argument, stating that it "overlooks the fact that the lease indeed was terminated, albeit improperly. At the commencement of the case, there was no lease in existence for the Trustee to assume or reject." *Id.* at 860. The court held that the 60–day assumption deadline would run from the date of the lease's reinstatement.

This case is distinguishable from *Edward Harvey.* The issue is not whether an effective termination may be avoided as a fraudulent conveyance but whether there was an effective termination to begin with. If, as the debtor asserts, there was no effective termination, then an unexpired lease existed on the date of the filing of this voluntary petition. Both the debtor's schedules and its opposition to the landlord's motion to determine that there was a termination reveal that the debtor believes that its lease has not been effectively terminated under local law.

Nor is this case like the second case cited by the debtor, *In re Ted Liu's Szechuan, Inc.,* 55 B.R. 8 (Bankr.D.D.C.1985). There, 36 days into the 60–day period for moving to assume, the court took under advisement a motion for relief from the automatic stay that was premised on the proposition that the lease had expired. The debtor contended that under District of Columbia law it retained a right to redeem its leasehold interest up to the moment of execution despite the landlord's termination of the lease. It was thus apparent to the court and to the landlord that the debtor desired to exercise both the right to redeem and the right to assume the lease if such a right of redemption existed. In addition, the debtor had commenced making weekly adequate-protection payments to the landlord pending the court's ruling on the question of the right to redeem. The court noted that "the Debtor may well have been lulled into inaction by what the Court did." *Id.* at 11 n. 5. In these circumstances, the court in *Ted Liu's* held that the 60–day period of § 365(d)(4) should be tolled during the time that the question of the right to redeem had been taken under, and remained under, advisement by the court.

The debtor in this case never filed any papers in the 60–day period of § 365(d)(4) evidencing an intention to assume its lease. Moreover, during the 60–day period the debtor never filed a paper even asserting the right to redeem and the question was never taken under advisement by the court such as to lull the debtor into inaction: only after the 60–day period expired did the debtor file its untimely opposition to the motion by the landlord for a determination that the lease had been terminated and an untimely Schedule G listing the lease as an unexpired lease. Thus, the holding of *Ted Liu's* does not apply here. The debtor readily could have filed a motion to extend the time to assume. Without any extension, only a motion to assume, or some filing before the court that could be treated as such, would have been effective to comply with the 60–day requirement of § 365(d)(4). Here the debtor slept on its rights, never evidencing to this court within the 60–day period an intention to assume the lease.

### CONCLUSION

Based on the foregoing, the landlord's motion will be granted. The debtor will be directed immediately to surrender the subject premises to the landlord in accordance with the last clause of § 365(d)(4). An appropriate order follows.